IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **WILBERT LEE TRAYVON LILLIE,** § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **FIRST BLACK LADY MICHELLE** § <br> **OBAMA, ALL LADY PERSONNEL** § <br> **FROM THE C.I.A., MONTFORD** § <br> **PSYCHIATRIC CENTER,** § <br> **Defendants.** § | No. EP-14-CV-00197-FM-RFC |

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On this day, the Court considered Plaintiff's complaint filed *pro se* on which he is proceeding *in forma pauperis* in the above captioned cause. After due consideration, the Court is of the opinion that his complaint should be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), for being frivolous and for failing to state a claim upon which relief could be granted.

**I.     Legal Standard**

When a person proceeds *in forma pauperis*, the court is required to dismiss the case if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

A complaint "is frivolous if it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is factually frivolous if "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and quotations omitted). A finding of

factual frivolousness is not appropriate in cases "in which the court simply 'finds the plaintiff's allegations unlikely'"; rather, the allegations must "'rise to the level of the irrational or the wholly incredible.'" *Booker v. Koonce,* 2 F.3d 114, 115-16 (5th Cir. 1993) (quoting *Denton*, 504 U.S. at 25).

Dismissal pursuant to §1915(e)(2)(B)(ii) for failure to state a claim is analyzed according to the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

*Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, *pro se* litigants are still required to provide sufficient facts in support of their claims; mere conclusory allegations are insufficient. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (citations omitted).

**II.     Plaintiff's Complaint**

Plaintiff names as defendants the first lady Michelle Obama, all female C.I.A. personnel, and the Montford Psychiatric Center, a unit of the Texas Department of Criminal Justice ("T.D.C.J."). (Doc. 1-1 at 1)  He alleges that he has been sodomized, raped, and otherwise assaulted by the first lady. (Doc. 1-1 at 3)  He alleges that she shot Plaintiff's mother while his mother was pregnant in an attempt to kill Plaintiff, but ended up killing Plaintiff's mother instead. (*Id.*)  He claims that the C.I.A. wrongfully shot Plaintiff and attempted to kill all 50 of his strippers. (*Id.*)  Plaintiff claims

that he was wrongfully shot over fifty different times, that he was framed by the government for blackmail, attempted federal forgery, property theft, and identify theft.[1]  (Doc. 1-1 at 4)  He alleges that his name was changed on a government hospital date of birth document while he was dead and they were waiting for him to be revived.  (*Id*.)  He states that he is still being harassed, threatened, and sexually harassed every day.  (*Id*.)  He alleges that the first lady has barricaded herself inside his cell.  (*Id*.)  As relief, he seeks to be released from T.D.C.J., as well as $900 trillion for attempted murder and $900 trillion for false imprisonment.  (*Id*.)

Even provided the liberal construction to which this *pro se* pleading is entitled, the Court finds that the allegations stated therein are not merely unlikely, but are irrational, wholly incredible, fanciful, fantastic, and delusional.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Booker v. Koonce,* 2 F.3d 114, 115-16 (5th Cir. 1993) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).  Thus, Plaintiff's complaint should be dismissed as frivolous and for failure to state a claim. *Id*.

### III.   Third Strike

In *Lillie v. Cuchanan, et al*, 5:11-cv-48 (N.D. Tex, May 10, 2012),and again in *Lillie v. Miller, et al*, 4:14-cv-397 (S.D. Tex., March 14, 2014), Plaintiff's complaints were dismissed as frivolous under §1915.  This dismissal counts as Plaintiff's third strike under § 1915(g).

---

[1]  Public records reflect that Plaintiff was convicted of the aggravated robbery of Houston Police Department Narcotics Officer Dirk Bogaard who was working undercover, during which Officer Bogaard shot Plaintiff three times. *Lillie v. Texas*, No. 01-04-237-CR (Tex. App. — Houston [1st] Oct. 13, 2005).  Officer Bogaard is not named as a defendant and is presumably not a female agent or other personnel in the C.I.A.  Additionally, Plaintiff provides no additional factual information regarding any of the alleged wrongful shootings to suggest that this shooting is a basis of his complaint.

Accordingly, Plaintiff should be barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Plaintiff should be warned that any additional frivolous filings will invite sanctions.

**IV.     Conclusion**

Based on the foregoing, this Court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** as frivolous and for failure to state a claim, pursuant to 28 §§1915(e)(2)(B) and 1915A(b)(1) and any pending motions be **DENIED** as **MOOT**.

**SIGNED** and **ENTERED** on June 4, 2014.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE

NOTICE

FAILURE TO FILE WRITTEN OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS CONTAINED IN THE FOREGOING REPORT, WITHIN FOURTEEN DAYS AFTER BEING SERVED WITH A COPY OF SAME, MAY BAR DE NOVO DETERMINATION BY THE DISTRICT JUDGE OF AN ISSUE COVERED HEREIN AND SHALL BAR APPELLATE REVIEW OF SUCH FACTUAL FINDINGS AS MAY BE ACCEPTED OR ADOPTED BY THE DISTRICT JUDGE.